# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## EASTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                   CRIMINAL ACTION NO. 4:07cr27-DCB-LRA

RICHARD ALLEN OLIVER                                            DEFENDANT

### ORDER

This cause is before the Court on the defendant Richard Oliver's ("Oliver") (1) Motion to Set Aside Indictment Which Does Not State A Crime [docket entry no. 24]; (2) Motion to Dismiss Indictment [docket entry no. 22]; (3) Motion to Suppress Illegally Obtained Tangible Evidence [docket entry no. 25]; and (4) Motion in Limine to Exclude Evidence Under F.R.E. 404(b) [docket entry no. 26]. The Court, having considered the motions, the government's responses thereto, and all applicable statutory and case law, and being otherwise fully advised in the premises, finds and orders as follows:

1. *Motion to Set Aside Indictment Which Does Not State A Crime*

In his first motion, Oliver attempts to have the indictment set aside because it fails to state a crime. Although Oliver's one-sentence motion does not include any specific argument in support of his position, the Court nevertheless will review the sufficiency of the indictment.

The Court begins by reviewing the standard which governs

sufficiency of indictments. To be sufficient, an indictment must conform to minimal constitutional standards, standards that are met where the indictment alleges every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in a subsequent proceeding." United States v. Partida, 385 F.3d 546, 554 (5th Cir. 2004) (citing United States v. Bieganowski, 313 F.3d 264, 285 (5th Cir. 2002)) (quotation marks omitted). "The basic purpose of an indictment is to inform a defendant of the charge against him." United States v. Hoover, 467 F.3d 496, 499 (5th Cir. 2006) (citing United States v. Fitzgerald, 89 F.3d 218, 222 (5th Cir. 1996)).

In light of this standard, the Court concludes that the indictment in this case sufficiently charges a crime. Oliver is charged with two counts of violating 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (possession of a firearm by a person who has been previously convicted of a misdemeanor crime of domestic violence) and one count of violating 18 U.S.C. § 924(a)(1)(A) (making false statements with regard to records kept by a licensed firearms dealer). Each count of the indictment sets forth the elements of the crimes, the dates on which the alleged violations took place, and other details of the crimes which the government intends to prove at trial. As such, the indictment not only adequately informs Oliver of the charges against him, but also "is

sufficiently specific for double jeopardy purposes." Hoover, 467 F.3d at 499 (citing United States v. Crow, 164 F.3d 229, 235 (5th Cir. 1999)). For these reasons, Oliver's motion is without merit.

### 2. Motion to Dismiss Indictment

Oliver's second motion seeks to have the indictment dismissed based on insufficiency of the evidence. Specifically, Oliver argues that dismissal is appropriate because "the Grand Jury returned said indictment without having any legal evidence presented on which to validly return said indictment." (Def.'s Mot. to Dismiss Indictment at ¶ 1.)

Where an indictment is valid on its face, a defendant's challenge to that indictment on the basis that it is not supported by sufficient evidence is without merit. United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975) (citing Costello v. United States, 350 U.S. 359, 363 (1956)). Indeed, "an indictment returned by a legally constituted and unbiased grand jury, valid on its face, is enough to call for a trial of the charge on its merits." Id. Such a rule is necessary, as "[a]llowing courts to evaluate the quality of evidence presented to a grant jury would 'run counter to the whole history of the grand jury institution.'" United States v. Strouse, 286 F.3d 767 (5th Cir. 2002) (citing United States v. Williams, 993 F.2d 451, 455 (5th Cir. 1993), abrogated on other grounds by Texas v. Cobb, 532 U.S. 162 (2001)).

Oliver's motion does not specifically state the reasons why he

believes the evidence presented to the grand jury was illegal. However, even if he claimed the evidence presented to the grand jury was obtained in violation of his constitutional rights, Oliver's motion still would be without merit. The aforementioned rule "is so strongly enforced that evidence obtained in violation of the Fifth Amendment and in violation of the Fourth Amendment can be used before a grand jury without giving the district court the power to dismiss the indictment." Strouse, 286 F.3d at 773.

Oliver has not alleged any deficiencies in the grand jury proceedings. Furthermore, as the Court has previously determined, Oliver's issue with the validity of the indictment itself is without merit. Accordingly, Oliver's motion to dismiss the indictment, based solely on alleged illegality of the evidence presented, is denied.

*3. Motion to Suppress Illegally Obtained Tangible Evidence*

In his third motion, Oliver asks the Court to exclude from trial all tangible evidence in the Government's possession "on the grounds that said evidence was obtained in violation of the 6th, 8th and 14th Amendments to the United States Constitution and Article 6, Sections 14, 23 and 26 of the Mississippi Constitution, and Mississippi Code Annotated." (Def.'s Motion to Suppress at ¶ 1.) Oliver's motion does not reference any specific evidence which he seeks to have suppressed, nor does it include any factual allegations about how the evidence was illegally obtained.

In its response, the government indicates that it has furnished complete discovery of all tangible evidence in the case, and that it is unaware of any evidence that was illegally obtained from Oliver. As to any evidence obtained directly from Oliver, the government acknowledges that it is in possession of a pawn ticket that agents received from Oliver on June 30, 2006, but states that Oliver's attorney was present when Oliver turned over the pawn ticket, that Oliver was not under arrest at the time, and that no search was conducted by the government.[1]

Since the defendant has not specifically identified which evidence he seeks to suppress, the Court addresses only the pawn ticket referenced by the government. In a motion to suppress, "[t]he burden is on the movant to make specific factual allegations of illegality, to produce evidence, and to persuade the court that the evidence should be suppressed." United States v. Evans, 572 F.2d 455, 486 (5th Cir. 1978). Oliver's motion far from meets that burden. As mentioned, Oliver's motion contained no factual allegations and no argument. Additionally, Oliver has produced no evidence in support of his claim that the government is in possession of illegally obtained tangible evidence. Therefore, Oliver's motion to suppress also is without merit.

---

[1] The government also references an oral statement given by Oliver on June 30, 2006. When this statement was given, Oliver was not under arrest or in custody, and his attorney was present. As the defendant's motion seeks only suppression of tangible evidence, this statement is not in issue.

5

*4. Motion in Limine to Exclude Evidence Under F.R.E. 404(b)*

Finally, in his fourth motion, Oliver seeks to invoke the protections of Federal Rule of Evidence 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Specifically, Oliver attempts to limit the government's ability at trial to introduce evidence pertaining to his past criminal charges.

As noted, Oliver is charged with possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence. In its response to Oliver's motion, the government states that the only evidence of prior crimes it intends to introduce in its case in chief is that evidence related to the defendant's prior conviction for the misdemeanor crime of domestic violence.

Rule 404(b) limits only the admissibility of extrinsic acts; intrinsic evidence, however, is not generally excluded. United States v. Sumlin, 489 F.3d 683, 688 (5th Cir. 2007) (citing United States v. Manning, 79 F.3d 212, 218 (1st Cir. 1996); United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992) (citations omitted)). "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." Id. (citing United States v. Freeman, 434 F.3d

6

369, 374 (5th Cir. 2005)).

Here, since the prior conviction of a misdemeanor crime of domestic violence is one of the necessary elements of 18 U.S.C. §§ 922(g)(9), evidence of Oliver's prior conviction necessarily is intertwined with the government's case-in-chief. Accordingly, the Court concludes that evidence pertaining to Oliver's prior misdemeanor domestic violence conviction is intrinsic evidence that is not subject to exclusion under Rule 404(b). Furthermore, the Court is not persuaded by Oliver's alternative argument that the probative value of such evidence is outweighed by the danger of unfair prejudice. Therefore, Oliver's motion to exclude is denied. Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Set Aside Indictment Which Does Not State A Crime [docket entry no. 24] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss Indictment [docket entry no. 22] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's Motion to Suppress Illegally Obtained Tangible Evidence [docket entry no. 25] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's Motion in Limine to Exclude Evidence Under F.R.E. 404(b) [docket entry no. 26] is **DENIED**.

**SO ORDERED**, this the 9th day of December 2008.

            s/ David Bramlette

            **UNITED STATES DISTRICT JUDGE**