**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                                        CRIMINAL ACTION NO. 4:07cr27-DCB-LRA

RICHARD ALLEN OLIVER                                                    DEFENDANT

### ORDER

This cause is before the Court on the defendant Richard Oliver's Motion to Stay [docket entry no. 41] and three Motions to Dismiss Indictment [docket entry nos. 38, 39 and 40]. The Court, having considered the motions, the government's responses thereto, and all applicable statutory and case law, and being otherwise fully advised in the premises, finds and orders as follows:

Richard Oliver ("Oliver") is charged with two counts of violating 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (possession of a firearm by a person who has been previously convicted of a misdemeanor crime of domestic violence) and one count of violating 18 U.S.C. § 924(a)(1)(A) (making false statements with regard to records kept by a licensed firearms dealer). The firearm possession charges are based on a conviction in July 2002 in the Municipal Court of the City of Laurel, Mississippi of domestic abuse, a misdemeanor crime of domestic violence. Oliver has filed a motion to stay and three motions to dismiss the indictment, all based on alleged problems with the underlying domestic violence conviction. The Court now considers each of these motions.

*1. Motion to Stay*

In the first of his four motions, Oliver asks the Court to stay the instant criminal proceedings pending resolution of his appeal of his state court conviction. Although Oliver's one-sentence motion does not include any specific argument in support of his position, the Court nevertheless considers the merits of his request.

The Court begins by noting that Oliver's motion does not indicate that he filed a timely notice of appeal from the 2002 state court conviction. See Sanchez v. City of Picayune, 656 So. 2d 92, 94 (Miss. 1995) ("In order to perfect an appeal, a defendant must file a written notice of appeal within 40 days of conviction and post an appeal bond for court costs."). Regardless, the outcome of Oliver's state court appeal, if any, has no bearing on the criminal action pending before this Court. As mentioned, Oliver was indicted for violating 18 U.S.C. § 922(g)(9), which makes it a crime for a person who has been convicted of a misdemeanor crime of domestic violence to possess a firearm. Oliver does not allege that he was not convicted of the crime or that the crime does not fall within the definition of domestic violence. Instead, Oliver's position apparently is that the federal charge would be moot should the state court conviction be overturned.

The Court recognizes that 18 U.S.C. § 921(a)(33)(B)(ii)

identifies a group of individuals not subject to prosecution under Section 922(g)(9).  That section reads:

> A person shall not be considered to have been convicted of such an offense for the purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33)(B)(ii).

Oliver's position, as the Court understands it, is based on a misinterpretation of this exception.  A conviction under Section 922(g) is not contingent on the validity of the underlying crime; rather, this Court agrees with other courts that have decided that "the relevant issue is a defendant's legal status at the time of firearm possession."  United States v. Muir, 2006 WL 288419 (D. Utah 2006) (unpublished) (citing Lewis v. United States, 445 U.S. 55, 62-64 (1980) and United States v. Mayfield, 810 F.2d 943, 944 (10th Cir. 1987)).  See also United States v. Epps, 2007 WL 2669534 (9th Cir. 2007) (citing United States v. Padilla, 387 F.3d 1087, 1092 (9th Cir. 2004)).  Section 922(a)(33)(B)(ii) addresses a person's legal status at the time of his possession. Under that provision, a person whose underlying conviction had been set aside <u>at the time of his possession</u> should not be prosecuted under Section 922(g).

As such, this exception does not apply to Oliver.  The

3

indictment in the instant case charges that Oliver was convicted of the domestic violence misdemeanor on July 16, 2002. It further charges that he possessed a firearm on February 23, 2006, and May 30, 2006--after the date on which he was convicted of domestic abuse. Again, Oliver does not argue that his misdemeanor conviction had been set aside at the time of his alleged firearm possession. Accordingly, Oliver's legal status--despite any potential success thereafter in setting aside the conviction--was that of a person who had been convicted of a misdemeanor crime of domestic violence. Considering this, Oliver's motion to stay this federal case pending appeal of his state case is without merit.

*2. Motions to Dismiss Indictment*

Next, Oliver has filed three motions to dismiss the indictment based on the following arguments: (1) that "the conviction in the lower court violated Richard Oliver's basic and fundamental constitutional rights, including but not limited to his rights to an attorney, due process of law and other basic rights"; (2) that "the information collected violated Richard Oliver's privacy rights"; and (3) that "the statute [under which Oliver was convicted in state court] is unconstitutionally vague and overbroad". (Def.'s Mots. to Dismiss Indictment.) As the Court has already determined that the sufficiency of the indictment for the federal charge for firearm possession is not contingent on the legality of the underlying criminal charge, Oliver's motions to

4

dismiss the indictment also are without merit.  Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Stay [docket entry no. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's first Motion to Dismiss Indictment [docket entry no. 38] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's second Motion to Dismiss Indictment [docket entry no. 39] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's third Motion to Dismiss Indictment [docket entry no. 40] is **DENIED**.

**SO ORDERED**, this the 17th day of December 2008.

                         s/ David Bramlette

                         **UNITED STATES DISTRICT JUDGE**